# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CAREY COURTRIGHT, Individually and on behalf of K.C., a Minor,<br><br>   Plaintiff,<br><br> v.<br><br>EPIC GAMES, INC., ROBLOX CORPORATION, MOJANG AB, MICROSOFT CORPORATION, META PLATFORMS, INC., GOOGLE LLC, ANOTHER AXIOM, INC., REC ROOM, INC., VRCHAT INC., BANANA ANALYTICS, LLC, and JANE & JOHN DOE I-XX,<br><br>   Defendants. | Case No.: 2:24-cv-4055<br><br>Hon. Brian C. Wimes |

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OF DEFENDANTS EPIC GAMES, INC., MOJANG AB, MICROSOFT CORPORATION, ANOTHER AXIOM INC., REC ROOM INC., BANANA ANALYTICS, LLC, AND VRCHAT INC.

Defendants Epic Games, Inc., Mojang AB, Microsoft, Another Axiom Inc., Rec Room Inc., Banana Analytics, LLC, and VRChat Inc. (collectively, the "Developer Defendants") move to dismiss all claims in Plaintiff's First Amended Complaint (Dkt. No. 138)[1] with prejudice.

1. Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Plaintiff's Complaint should be dismissed with prejudice in its entirety for failure to state a claim upon which relief can be granted.

2. This motion relies on and is supported by the argument and authority in the accompanying Suggestions in Support of Motion to Dismiss Plaintiff's Complaint filed by the Developer Defendants (the "Developers' Brief"). As explained in the Developers' Brief, all claims against the Developer Defendants should be dismissed for the reasons set forth in the chart below and described in more detail in the paragraphs that follow:

| Cause of Action | Basis for Dismissal |
| --- | --- |
| I. Strict Liability - Design Defect | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a product liability claim because video games are not "products" (§ II.B.1) |
| II. Strict Liability - Failure to Warn | • The First Amendment bars Plaintiff's claims (§ I.A-B) |

---

[1] Epic, Microsoft, Mojang AB, Rec Room, and VRChat have each filed a motion to enforce their respective arbitration agreements with Plaintiff. They join this Motion to Dismiss and the accompanying supporting memorandum of law conditionally and in the alternative in the event the Court denies their respective pending arbitration motions. They do not waive, and specifically assert, their rights under their respective arbitration agreements.

Consistent with the Consent Motion to Set Consolidated Briefing Schedule and Extend Page Limits and subsequent Order by the Court, ECF Nos. 143, 145, Microsoft addresses the claims against it relating to *Minecraft* in this brief and addresses the claims against it relating to its Xbox services in the separate motion titled "Motion to Dismiss Amended Complaint of Google LLC, Microsoft Corporation, Meta Platforms, Inc., and Roblox Corporation." Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Microsoft adopts all arguments made in that motion and supporting brief.

| Cause of Action | Basis for Dismissal |
|---|---|
| | • Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a product liability claim because video games are not "products" (§ II.B.1) |
| III. Negligence – Negligent Design | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a product liability claim because video games are not "products" (§ II.B.1)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |
| IV. Negligence – Negligent Failure to Warn | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to state a product liability claim because video games are not "products" (§ II.B.1)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C) |
| V. Negligence – Ordinary Negligence and Negligence Per Se | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to allege a legal duty under negligence law (§ II.C)<br>• Plaintiff's COPPA claim is preempted (§ II.D)<br>• Missouri Merchandising Practices Act claims do not satisfy Rule 9(b) (§ II.E.1) |
| VI. Intentional infliction of emotional distress | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's allegations are insufficient to establish intentional infliction of emotional distress under Missouri law (§ II.F) |
| VII. Violation of Missouri Merchandising Practices Act | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Missouri Merchandising Practices Act claims do not satisfy Rule 9(b) (§ II.E.1) |

| Cause of Action | Basis for Dismissal |
|---|---|
| VIII. Deceit – Fraudulent Misrepresentation, Fraudulent Omission and Nondisclosure, and Fraudulent Concealment | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's fraudulent misrepresentation claims do not satisfy Rule 9(b) (§ II.E.1)<br>• Plaintiff's fraudulent omission claims do not satisfy Rule 9(b) (§ II.E.2)<br>• Plaintiff's fraudulent concealment claims do not satisfy Rule 9(b) (§ II.E.2) |
| IX. Negligent Misrepresentation | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff's negligent misrepresentation claims do not satisfy Rule 9(b) (§ II.E.1) |
| X. Civil Conspiracy | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Plaintiff fails to plead facts establishing conspiracy, and the alleged conspiracy rests on invalid underlying claims (§ II.H) |
| XI. In-Concert Liability | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• In-concert liability is not a recognized cause of action under Missouri law (§ II.H) |
| XII. Loss of Consortium | • The First Amendment bars Plaintiff's claims (§ I.A-B)<br>• Plaintiff fails to allege proximate cause (§ II.A)<br>• Loss-of-consortium claims do not apply to a parent-child relationship (§ II.G) |

3. *First*, the First Amendment bars all of Plaintiff's claims against the Developer Defendants. The video games at issue are expressive, constitutionally protected speech, and the Developer Defendants' development and publication of their protected speech is itself core First Amendment protected activity. *See* Developers' Brief § I.A-B.

3

4. *Second*, all of Plaintiff's claims against the Developer Defendants should also be dismissed because Plaintiff has failed to allege that any of the Developer Defendants' video games (much less any identified feature of those games) proximately caused Plaintiff's alleged injuries. *See* Developers' Brief § II.A.

5. *Third*, Plaintiff's product liability claims (Counts I–III) should also be dismissed because video games are expressive media, not products subject to Missouri's products liability regime. *See* Developers' Brief § II.B.1.

6. *Fourth*, Plaintiff's negligence-based claims (Counts III–V) should also be dismissed because the Developer Defendants did not, as a matter of law, owe any common law (general or specific) or statutory duty of care to Plaintiff. *See* Developers' Brief § II.C-D.

7. *Fifth*, Plaintiff's fraud-based claims (Counts VII-XI) should also be dismissed because Plaintiff does not allege the time, place, or content of any alleged misrepresentations or how or why they were false, as required by Fed. R. Civ. P. 9(b), and because Plaintiff fails to sufficiently allege actual reliance on any alleged misrepresentation or omission or that the Developer Defendants fraudulently omitted or concealed material information. *See* Developers' Brief § II.E.

8. *Sixth*, Plaintiff's intentional infliction of emotional distress claim (Count VI) should also be dismissed because Plaintiff has not plausibly alleged that the Developer Defendants' development and publication of video games is "utterly outrageous and has no place in civilized society," as the tort of outrage requires. *See* Developers' Brief § II.F.

9. *Seventh*, Plaintiff's loss-of-consortium claim (Count XII) should also be dismissed because Missouri law does not recognize loss-of-consortium claims in the context of the parent-child relationship. *See* Developers Brief § II.G.

10. *Eighth*, Plaintiff's civil conspiracy claim (Count X) should be dismissed because each of the predicate claims fail and because Plaintiff has not pleaded any facts that support a plausible inference that the Developer Defendants conspired with any other Defendants to achieve an unlawful purpose. *See* Developers' Brief § II.H.

11. *Ninth*, Plaintiff's in-concert liability claim (Count XI) should be dismissed because it is not an independent cause of action recognized under Missouri law. *See* Developers' Brief § II.H.

FOR THESE REASONS, Epic Games, Inc., Mojang AB, Microsoft Corp., Another Axiom Inc., Rec Room Inc., Banana Analytics, LLC, and VRChat Inc. respectfully request that the Court dismiss them from this action with prejudice and grant all other relief to which Defendants are entitled.

Dated: October 8, 2024

Respectfully submitted,

**SWANSON MARTIN & BELL LLP**

*/s/ Adam T. Suroff*
Adam T. Suroff, MO Bar #51355
7501 Nall Avenue
Prairie Village, KS 66802
(314) 242-0915
Email: asuroff@smbtrials.com

- AND -

**HUESTON HENNIGAN LLP**
Moez M. Kaba*
Allison L. Libeu*
Padraic Foran*
523 West 6th St., Suite 400
Los Angeles, California 90014
(213) 788-4340
Email: mkaba@hueston.com

aliberu@hueston.com
pforan@hueston.com

Adam Minchew*
1 Little West 12th St.
New York, New York 10014
(646) 930-4046
Email: aminchew@hueston.com

* Admitted *pro hac vice*

*Attorneys for Defendants Epic Games, Inc.*

- AND -

**SHOOK, HARDY & BACON LLP**
Christopher P. Gramling, MO Bar #50218
Cailynn D. Hayter, MO Bar #70110
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
cgramling@shb.com
chayter@shb.com

**DAVIS WRIGHT TREMAINE LLP**
Ambika Kumar (*Pro Hac Vice*)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
(206) 757-8030
E-MAIL: ambikakumar@dwt.com

Adam S. Sieff (*Pro Hac Vice*)
865 S. Figueroa St., 24th Floor
Los Angeles, California 90017-2566
(213) 633-8618
E-MAIL: adamseiff@dwt.com

- AND -

**COVINGTON & BURLING LLP**
David Sneed (*Pro Hac Vice*)
Gary M. Rubman (*Pro Hac Vice*)
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
E-MAIL: dsneed@cov.com;
grubman@cov.com

Kathryn Cahoy (*Pro Hac Vice*)
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-21121
(650) 632-4735
E-MAIL: kcahoy@cov.com

*Attorneys for Defendants Mojang AB and Microsoft Corporation*

- AND -

**THOMPSON COBURN LLP**
Michael L. Nepple (*Pro Hac Vice*)
Daniel A. Garcia (MO 70071)
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
E-MAIL: mnepple@thompsoncoburn.com
dgarcia@thompsoncoburn.com

- AND -

**McNAUL EBEL NAWROT & HELGREN PLLC**
Gregory J. Hollon (*Pro Hac Vice*)
Theresa DeMonte (*Pro Hac Vice*)
Michael P. Hatley (*Pro Hac Vice*)
600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
E-MAIL: ghollon@mcnaul.com
tdemonte@mcnaul.com

7

mhatley@mcnaul.com

*Attorneys for Defendants Another Axiom Inc., and Rec Room Inc.*

- AND -

**HILGERS GRABEN PLLC**
Jonathan G. Musch (MO 55200)
John Vivian (*Pro Hac Vice*)
6 Cardinal Way, Suite 900
St. Louis Missouri 63102
(314) 464-3391
E-MAIL: jmusch@hilgersgraben.com
jvivian@hilgersgraben.com

*Attorneys for Defendant Banana Analytics, LLC*

- AND -

**SANDBERG PHONEIX & VON GONTARD P.C.**
W. Perry Brandt, MO #28292
4600 Madison Avenue, Suite 1000
Kansas City, Missouri 64112
(816) 305-7377
E-MAIL: pbrandt@sandbergphoenix.com

- AND -

**GOODWIN PROCTER LLP**
Matt Kanny (*Pro Hac Vice*)
520 Broadway, Suite 500
Santa Monica, California 90401
(424) 252-6400
mkanny@goodwinlaw.com

Allyson M. McCain (*Pro Hac Vice*)
Three Embarcadero Center
San Francisco, California 94111
(415) 733-6000
amccain@goodwinlaw.com

*Attorneys for Defendant VRChat Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that he served a copy of the foregoing via electronic filing on all counsel of record this 8th day of October 2024.

      By:    */s/ Adam T Suroff*